IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE PERKINS,<br><br>        Petitioner,<br><br>  v.<br><br>JOSHUA PRUDHEL,<br><br>        Respondent. | No. 2:25-CV-0947-DC-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's unopposed motion to dismiss, ECF No. 11.

       This action proceeds on the original petition, ECF No. 1. Petitioner asserts that his constitutional due process rights were violated when "two (2) enhancements were removed by the resentencing state court judge who declined to also remove a third that was imposed earlier under the exact same case and circumstances." ECF No. 1, pg. 6. Petitioner argues his claim does not allege the misapplication of state law, but rather, that Petitioner's due process rights were violated by the state court's decision to not strike the third enhancement, citing United States v. Tucker, 404 U.S. 443, 448 (1972) and Mullaney v. Wilbur, 421 U.S. 684, 689 (1975). See id. Petitioner contends that the "state judge [was] not aware that the firearm count could be dismissed . . ." and therefore, Petitioner contends he "was resentenced under an unreasonable

1

application of decision(s) of the United States Supreme Court." Id. at 6-7. Petitioner additionally asserts that "the sentencing court had also a statutory entitlement to refer Petitioner Perkins for a probation report whether a public safety risk did indeed exist[] or not at present." Id. at 7.

In Respondent's motion to dismiss, which Petitioner does not oppose, Respondent argues that Petitioner's claim is not cognizable because he "challenges the state court's application of state sentencing law." Respondent contends that:

> Here, the state court determined that the third firearm sentence enhancement should not be stricken under state law. This was an ordinary application of the state court's interpretation of state law. Because a federal habeas court is bound by the state court's interpretation and application of its own law, Petitioner's claim must fail. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (holding that a state court's interpretation of state law binds a federal court sitting in habeas corpus). And to the extent Petitioner is alleging errors in the state post-conviction review process, his claim is not addressable through habeas corpus proceedings. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).
> Petitioner's characterization of his challenge to the state court's refusal to strike a sentence enhancement as a violation of his federal constitutional rights is not sufficient to render his claim cognizable on federal habeas review. That is because the heart of his federal claim is not grounded in the Constitution. Petitioner merely disagrees with the state court's decision that his sentence is valid under California law. He wants this Court to disagree with the state court's interpretation of state law. As such, this claim is not cognizable despite Petitioner's Constitutional invocation. *See United States v. Stiger,* 2019 WL 2422486*,* at *3 (N.D. Ok. Jun.10, 2019) (rejecting Petitioner's argument that his sentencing enhancement was excessive or cruel and unusual under the Eighth Amendment); *see also e.g., Hill v. Warden*, 2014 WL 1093041, at *2 (C.D. Cal. Mar. 18, 2014) (rejecting as non-cognizable petitioner's equal protection challenge to state court's denial of his application for resentencing under the Three Strikes Reform Act); *Cooper v. Supreme Court of California*, 2014 WL 198708, at *2 (C.D. Cal. Jan. 16, 2014) (rejecting as non-cognizable petitioner's federal due process challenge to state court's denial of his application for resentencing under the Three Strikes Reform Act); *Johnson v. Spearman*, 2013 WL 3053043, at *2 (C.D. Cal. June 10, 2013 (same); *see also, e.g., Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (holding that a petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process," and that "alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Id. at 3.

The Court agrees.  A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens

2

1  v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try
2  state issues de novo.  See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

3  However, a "claim of error based upon a right not specifically guaranteed by the
4  Constitution may nonetheless form a ground for federal habeas corpus relief where its impact so
5  infects the entire trial that the resulting conviction violates the defendant's right to due process."
6  Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981) (citing Quigg v. Crist, 616 F.2d 1107 (9th
7  Cir. 1980)); see also Lisenba v. California, 314 U.S. 219, 236 (1941).  In order to raise such a
8  claim in a federal habeas corpus petition, the "error alleged must have resulted in a complete
9  miscarriage of justice."  Hill v. United States, 368 U.S. 424, 428 (1962); Crisafi v. Oliver, 396
10 F.2d 293, 294-95 (9th Cir. 1968); Chavez v. Dickson, 280 F.2d 727, 736 (9th Cir. 1960).

11 Here, Petitioner's claim arises from an alleged error in resentencing, arising from a
12 state law.  As such it is not cognizable.  The California Court of Appeal for the Third Appellate
13 District denied Petitioner's appeal, which asserted the same claim, explaining that the state law
14 cited did "not apply to either the third firearm enhancement or the prior strike". ECF No. 10-7,
15 pg. 18. Thus, Petitioner is seeking federal review of a matter of state law, already decided by the
16 state resentencing court and the Court of Appeal of the State of California. A federal habeas court
17 is bound by the state courts' interpretation and application of state law. See Bradshaw v. Richey,
18 546 U.S. 74, 76, (2005); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

19 Though Petitioner argues the application of state law violated his due process
20 rights and asserts the claim therefore arises from federal law, Petitioner's state law claim does not
21 go to trial proceedings. Thus, he cannot argue that the alleged error produced a conviction which
22 violates due process.  Petitioner's claim is not cognizable and the petition should be dismissed.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based on the foregoing, the undersigned recommends that Respondent's unopposed motion to dismiss, ECF No. 11, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 17, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE